IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHERYL FARR, on behalf of herself )
and others similarly situated, )
  )
     Plaintiff, )
  )
v. )     Civil Action No.: 1:15cv142-MW/GRJ
  )
DOLGENCORP, LLC )
  )
     Defendant. )
_____)

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, CHERYL FARR ("Plaintiff"), and Defendant DOLGENCORP, LLC ("Defendant") jointly move this Honorable Court to approve their settlement agreement and in support thereof, state as follows:

## BACKGROUND

This action was brought pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff worked for Defendant from February 2014 until February 2015 at its store No. 8041 in Waldo, Florida. Plaintiff was hired as a Lead Sales Associate and was promoted to Assistant Store Manager in April 2014. Plaintiff claimed that she performed work off the clock which included working through breaks, making bank deposits after hours, working from home on administrative tasks and various other activities. Plaintiff claims that she was owed compensation for all hours worked off the clock, including some overtime compensation.

Defendant disputed the validity of Plaintiff's overtime claim, and can affirmatively disprove much of her claimed off the clock work with business records. Defendant argues that following Plaintiff's testimony under oath, the most she would be entitled to for potential lost

wages, taking her other estimates as true, is approximately $3,000.00. Defendant further claimed that because Plaintiff primarily worked as an Assistant Store Manager and received specific FLSA training on Dollar General's strict policies against working off the clock, and because Plaintiff was second in command at her store to enforce those policies on a daily basis (and claims to have done so), she would not be entitled to liquidated damages.

After months of negotiations, and soon after Plaintiff's deposition, the parties reached a settlement agreement. Plaintiff initially claimed in total that she was owed $5193.97 in lost wages and double that (or $10,387.94), including liquidated damages. Pursuant to the settlement agreement attached hereto as Exhibit "A", Plaintiff will receive $7,000.00 for her FLSA claims, which amount makes her whole without liquidated damages related to Plaintiff claims.

The parties negotiated separately, and without regard to the amount paid to Plaintiff, the attorney's fees and costs of litigation. Attorney's fees and costs were negotiated based on Plaintiff's counsel's representation of 35 hours of work and were negotiated down to $7,000.00 total for representing Plaintiff related to her Wage and Hour claims.

## LEGAL ARGUMENT

The Parties seek approval of the settlement reached between them. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982) (If the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.).

Plaintiff is being made whole and being provided with additional funds related to partial liquidated damages. Furthermore, Plaintiffs' counsel will be paid a separately negotiated amount of attorneys' fees and costs by Defendant, such that Plaintiff does not pay any fees or costs in settlement of this case to their counsel. See Bonnetti v. Embarq Management Company, 715

F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (wherein the Court found that where fees are negotiated separate and apart from the compensation to Plaintiff the court should approve the settlement). The parties submit that the settlement is thus a fair and reasonable resolution of a disputed claim and respectfully request approval of same.

## CONCLUSION

For all of the foregoing reasons, the parties respectfully request this Honorable Court approve the attached settlement agreement.

Dated: August 16, 2016

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

*s/*Melissa M. Hensley
Joel S. Allen
TX Bar No. 00795069
Email: jallen@mcguirewoods.com
Melissa M. Hensley
TX Bar No. 00792578
Email: mhensley@mcguirewoods.com
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone:  214.932.6400
Facsimile:  214.932.6499

ATTORNEYS FOR DEFENDANT

4