IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHERYL FARR, on behalf of herself )
and others similarly situated, )
                            )
           Plaintiff, )
                            )    **Civil Action No. 1:15-cv-00142-MW-GRJ**
      v. )
                            )
DOLGENCORP, LLC, )
                            )
          Defendant. )

IN THE AMERICAN ARBITRATION ASSOCIATION

CHERYL FARR, )
                            )
          Claimant, )
                            )
      v. )    **AAA No. 01-15-0005-4799**
                            )
DOLGENCORP, LLC, )
                            )
          Respondent. )

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

     This Settlement Agreement and Release of Wage and Hour Claims (the "Agreement") is entered into by and between Plaintiff Cheryl Farr ("Plaintiff") and Dolgencorp, LLC (referred to herein as "Defendant" or "Dollar General"). Plaintiff and Defendant are collectively referred to herein as the "Parties."

     WHEREAS, Plaintiff was previously employed by Dollar General;

     WHEREAS, disputes have arisen between Plaintiff and Defendant relating to the Plaintiff's employment and separation therefrom, including those claims raised in actions against Defendant now in the United States District Court for the Northern District of Florida, Gainesville Division, in a case styled, *Cheryl Farr, on behalf of herself and others similarly*

*situated v. Dolgencorp, LLC,* Civil Action No. 1:15-cv-00142-MW-GRJ (the "Litigation"), and *Cheryl Farr v. Dolgencorp, LLC,* in the American Arbitration Association, AAA No. 01-15-0005-4799 (the "Arbitration") alleging violations of the Fair Labor Standards Act (FLSA) including but not limited to allegations that Plaintiff worked off the clock, and as such, was not paid minimum wages and/or overtime wages she alleges to have been entitled to receive;

WHEREAS, Plaintiff and Defendant desire to compromise, settle, and forever resolve and dispose of outstanding **wage and hour** controversies and claims including but not limited to those raised in the Litigation and Arbitration;

WHEREAS, all words used in this Agreement will have their plain meaning in ordinary English; and

NOW, THEREFORE, in consideration of the foregoing and promises and other consideration contained hereinafter, the Parties agree as follows:

## I.

Dollar General agrees to pay to Plaintiff the a gross settlement amount of Seven Thousand and no/100 Dollars ($7,000) as follows: Three Thousand, Five Hundred and no/100 Dollars ($3,500.00) as alleged back pay damages related to the claims asserted in this litigation/arbitration (applicable withholdings will be taken therefrom); and Three Thousand Five Hundred and no/100 Dollars ($3,500.00) for liquidated damages. The receipt and sufficiency of the payment of the gross settlement amount is hereby acknowledged, as a full and complete settlement of any and all of Plaintiff's claims encompassed or referred to in this Agreement or the Litigation and/or Arbitration.

Moreover, Plaintiff acknowledges that Plaintiff's attorneys,[1] will be separately paid an amount of Seven Thousand and no/100 Dollars ($7,000) for attorneys' fees and expenses related to Plaintiff's wage and hour claims, and in accordance with Plaintiff's agreements with Plaintiff's Attorneys, as compensation for their representation of Plaintiff in this Litigation and Arbitration, the payment of which Plaintiff acknowledges as additional consideration for the settlement of Plaintiff's claims in this Litigation and Arbitration.

## II.

In exchange for the consideration set forth above in Paragraph I. and other good and sufficient consideration set forth herein, Plaintiff, for and on behalf of Plaintiff individually and Plaintiff's heirs, executors, trustees, administrators, representatives, spouses, and assigns, if any, hereby fully, finally, completely, and forever releases, discharges, acquits, and relinquishes Defendant and its predecessors, successors, parent entities, subsidiaries, sister entities, partners, related or affiliated companies, attorneys, officers, directors, employees, former employees, agents and assigns (collectively the "Released Parties"), jointly and/or severally, from any and all **wage and hour** claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under any federal, state, or local **wage and hour** statute, law, regulation, or ordinance and common law, including, but not limited to, the Fair Labor Standards Act ("FLSA"); or any other **wage and hour** claim, regardless of the forum in which it might be brought, if any, arising from or in any

---

[1] "Plaintiff's Attorneys" are defined to include the Law Office of Matthew Birk and any other attorneys related to this Litigation and/or Arbitration and/or the claims released by this Settlement Agreement and Release of Claims, along with all of their agents, representatives, and employees, including all individual attorneys and firms of record that have made appearances in the course of this Litigation and/or Arbitration on behalf of Plaintiff, who represented Plaintiff in this Litigation and/or Arbitration, and/or anyone else suing Defendant on behalf of Plaintiff in connection with the prosecution of claims for unpaid wages or other damages against Defendant, and/or any attorney who is related, pursuant to any current or former joint representation agreement or other arrangement with Plaintiff's attorneys of record, the claims released by this Settlement Agreement and Release of Claims. The Law Office of Matthew Birk hereby represents that it has authority to acknowledge the sufficiency of the settlement proceeds for all of Plaintiff's Attorneys.

way connected with Plaintiff's employment with Dollar General and the termination thereof, including all claims that were or could have been brought in the Litigation and/or Arbitration, which Plaintiff has, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, suffered, or claimed by Plaintiff in the Litigation and/or Arbitration or otherwise as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the date of this Agreement (collectively, the "Released Wage and Hour Claims"). Moreover, Plaintiff represents and acknowledges that in the future, Plaintiff will not file, instigate, or encourage the filing of any lawsuits by any party in any state or federal court, asserting any of the Released Wage and Hour Claims. Further, this Agreement includes a covenant by Plaintiff that Plaintiff will not bring another **wage and hour** class or collective action as a result of Plaintiff's employment with Dollar General. Moreover, Plaintiff represents that if any agency or court assumes jurisdiction of any **wage and hour** complaint, charge or lawsuit against any of the Released Parties, or certifies a class seeking relief on Plaintiff's behalf for any **wage and hour** claims released by this Agreement, Plaintiff will request such agency or court to withdraw from the matter, and Plaintiff will not opt into any class or collective action she is invited to join (or, inversely, Plaintiff will specifically opt out of any class or collective action to which Plaintiff is joined) and, in any case, Plaintiff agrees not to take any personal legal or equitable relief from any such **wage and hour** complaint, charge or lawsuit.

### III.

Plaintiff agrees to dismiss with prejudice all **wage and hour** claims or charges of any kind whatsoever under any federal or state statute or common law, which Plaintiff has filed

against any and all of the Released Parties with any state or federal court, agency, or department, including but not limited to, the Litigation and Arbitration.  Plaintiff hereby authorizes Plaintiff's Attorneys to execute on Plaintiff's behalf any and all stipulations, motions or other documents to effectuate same.  Plaintiff hereby covenants and promises that, except as may be provided herein, Plaintiff will not file any additional **wage and hour** claims or lawsuits against the Released Parties, or any of them, for any alleged acts, omissions, and/or events, whether now known or unknown, which have or may have occurred prior to the date of execution of this Agreement by Plaintiff.

Plaintiff further agrees that any and all sums paid or provided to Plaintiff in consideration for this Agreement will be forfeited and become immediately due and payable to Dollar General in the event Plaintiff asserts any **wage and hour** claim, demand, or cause of action, including any cause of action for indemnity and contribution or third-party action, arising out of, resulting from, or in any way related to any of the claims encompassed within this Agreement, or any action to set aside, invalidate, or void this Agreement, except as a result of Dollar General's alleged breach of this Agreement.  Plaintiff further agrees that a breach of the covenant set forth in this paragraph will entitle Dollar General and/or Released Parties to a full recovery in an action for damages, including, but not limited to, recovery of its or their costs, expenses, and attorneys' fees for investigation, prosecution or defense of any action brought in breach of this covenant as allowed by law.   Such recovery of monies shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

Nothing in this Agreement shall limit Plaintiff's right to communicate with any investigative agency (including, but not limited to, asserting a complaint therewith), or participate in an investigation or proceeding conducted by any investigative agency.   This

SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS – PAGE 5
79635638_1

Agreement does, however, waive and release any right by Plaintiff to recover damages under any **wage and hour** statutes with respect to any claim released hereby or arising out of Plaintiff's employment with Dollar General.

### IV.

Plaintiff has been represented by The Law Office of Matthew Birk. The Law Office of Matthew Birk acknowledges that it has authority to negotiate on behalf of and bind all of Plaintiff's Attorneys (as defined herein in footnote 1, *supra*) related to this Litigation and/or Arbitration and the claims released by this Agreement. By signature to this Agreement, The Law Office of Matthew Birk acknowledges that all claims for attorneys' fees, costs, or other recoverable expenses that it and Plaintiff's Attorneys (including, but not limited to attorney Matthew Birk) may hold independently against the Released Parties, or any of them related to Plaintiff's **wage and hour** claims, are satisfied by the consideration paid, and The Law Office of Matthew Birk on its behalf and the behalf of Plaintiff's Attorneys, hereby releases any claims they have or might have against the Released Parties, or any of them, for all such monies.

Plaintiff and Plaintiff's Attorneys also acknowledge that no other attorney or firm not associated with or in joint-representation with Plaintiff's Attorneys has represented Plaintiff in connection with the Litigation and/or Arbitration. Plaintiff hereby represents and warrants that Plaintiff has full authority to release all **wage and hour** claims against Released Parties, including those claims associated with the Litigation and/or Arbitration and Plaintiff's claims therein, and that Plaintiff has not assigned or otherwise transferred to any other person or entity (other than Plaintiff's agreement with Plaintiff's Attorneys whose claims, if any, are fully and finally satisfied by this Agreement) any interest in any **wage and hour** claim, demand, recovery, settlement proceeds, action and/or cause of action Plaintiff has, may have, or may claim to have

against any Released Party related to her **wage and hour** claims. Plaintiff agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees and court costs, incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of an assignment or other transfer by Plaintiff and/or assignment to any of Plaintiff's Attorneys of any interest in or related to Plaintiff's **wage and hour** claims.

Further, Plaintiff's Attorneys represent and warrant that they have full authority to release all claims for attorneys' fees, costs and expenses incurred by Plaintiff and Plaintiff's Attorneys as associated with Plaintiff's **wage and** hour claims, the Litigation and Arbitration, and related to Plaintiff's claims therein, and that they have full authority to negotiate a settlement of attorneys' fees, costs, or expenses on behalf of Plaintiff's Attorneys, and that there is no interest in attorneys' fees, costs, or expenses on behalf of Plaintiff related to Plaintiff's **wage and** hour claims, this Litigation and Arbitration that they do not represent. Further Plaintiff's Attorneys represent and warrant that they have not assigned or otherwise transferred to any other person or entity any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action they have, may have, or may claim to have against any Released Party related to Plaintiff's **wage and hour** claims that are not settled by this Agreement. The Law Office of Matthew Birk agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees, court costs, and expenses incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of a right to ownership, an assignment or other transfer by Plaintiff's Attorneys of the attorneys' fees, costs, and expenses that may be recovered based upon Plaintiff's claims in this Litigation and Arbitration.

## V.

Plaintiff admits and represents that she has been paid for all wages owed Plaintiff based upon Plaintiff's employment with Defendant, and that no additional wages are owed related to Plaintiff's employment with Defendant that are not satisfied by the consideration paid pursuant to this Agreement.

## VI.

This Agreement, the offer of this Agreement, and compliance with this Agreement shall not constitute or be construed as an admission by the Defendant or Released Parties, or any of them individually, of any wrongdoing or liability of any kind or an admission of any violation of the rights of Plaintiff, but rather, such liability or wrongdoing is expressly denied. This Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or for any purpose other than to enforce the terms of this Agreement.

## VII.

The Parties agree that the sums paid pursuant to this Agreement and specifically referenced in Paragraph I. herein are in settlement of Plaintiff's **wage and hour** claims. Plaintiff acknowledges and agrees that Dollar General has not made any representations to Plaintiff regarding the tax consequences of any amounts received by Plaintiff pursuant to this Agreement. Plaintiff agrees that Plaintiff shall be solely responsible for payment of all of Plaintiff's personal tax liabilities due on the settlement amount, including federal, state and local taxes, interest and penalties, which are or may become due. Plaintiff agrees to indemnify, defend, and hold harmless the Released Parties from any claims, demands, deficiencies, assessments, executions, judgments, or recoveries by any governmental entity against any of the Released Parties for any

SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS – PAGE 8
79635638_1

amounts claimed due with respect to the payment referenced above in Paragraph I. or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Released Parties, or any of them, as a result of the payments referenced above in Paragraph I., including attorney's fees, in the event the Released Parties, or any of them individually, are required to file suit or take other legal action to enforce this paragraph.

## VIII.

The Parties agree that the terms of this Agreement are contractual in nature and not merely recitals and shall be governed and construed in accordance with the laws of the State of Florida, without regard to conflicts of law. The Parties further agree that should any part of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the Parties intend the legality, validity, and enforceability of the remaining parts shall not be affected thereby, and said illegal, invalid or unenforceable part shall be deemed not to be a part of this Agreement.

## IX.

This Agreement shall be binding upon and the benefits shall inure to Plaintiff and Plaintiff's heirs and to the Released Parties, and their successors and assigns.

## X.

Each party hereto represents and warrants that they have full authority to bind the party represented.

## XI.

No waiver of any of the terms of this Agreement shall be valid unless in writing and signed the party to this Agreement against whom such waiver is sought to be enforced. The waiver by any party hereto of any provision of this Agreement shall not operate or be construed

as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

### XII.

Plaintiff agrees that in executing this Agreement Plaintiff does not rely and has not relied on any document, representation, or statement, whether written or oral, other than those specifically set forth in this written Agreement. The Parties, including Plaintiff and Plaintiff's Attorneys, agree that this Agreement constitutes the entire agreement between Plaintiff and the Released Parties, and supersedes any and all prior agreements or understandings, written or oral, pertaining to the subject matter of this Agreement. No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist. This Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by the Parties.

### XIII.

The terms of the Agreed Protective Order in place during the course of this Litigation and/or Arbitration will remain in effect, and Plaintiff and Plaintiff's Attorneys agree to comply with, and not violate, the same in the future.

### XIV.

This Agreement is the product of arm's length negotiations between the Parties and their counsel, and no party shall be deemed to be the drafter of any provision or the entire Agreement. The wording in this Agreement was reviewed and accepted by all Parties after reasonable time to review with legal counsel, and no Party shall be entitled to have any wording of this Agreement construed against the other Party as the drafter of the Agreement in the event of any dispute in connection with this Agreement.

## XV.

The Parties declare that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which they have been fully advised by their respective attorneys.

IN WITNESS WHEREOF, the Parties have executed this Agreement as follows:

_____
Cheryl Farr

Date: _____

APPROVED AS TO FORM AND SUBSTANCE, INCLUDING BUT NOT LIMITED TO AND SPECIFICALLY AGREED TO, FOOTNOTE 1 AND AS TO PARAGRAPHS: IV., X., and XIII.

_____
Matthew Birk
Attorneys for Plaintiff Chery Farr

Date: _____

_____

Melanie E. Cook
Dolgencorp, LLC

Date: _____8-1-16_____


APPROVED AS TO FORM AND SUBSTANCE

_____

Melissa M. Hensley
Attorneys for Defendant Dolgencorp, LLC

Date: _____7.28.16_____